UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS MUNOZ, on behalf of himself and all others :    **Case No.: 16 Civ. 1978**
similarly situated, :
                                                      :    **COLLECTIVE ACTION**
                             Plaintiff, :    **COMPLAINT**
         - against - :
:
PRIDWIN HOTEL LIMITED and RICHARD A. PETRY, :
an individual, :
:
                             Defendants. :
------------------------------------------------------------------------X

        Plaintiff Carlos Munoz, on behalf of himself and all others similarly situated, by and through his attorneys Shulman Kessler LLP, complaining of Defendants Pridwin Hotel Limited and Richard A. Petry (collectively "Defendants"), alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

        1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked for Defendants in the State of New York as kitchen laborers.

        2.      As described below, Plaintiff was a kitchen laborer who consistently worked over 65 hours per week from approximately April through October of each work year. Although Plaintiff worked more than 40 hours per week, Defendants never paid him overtime premiums for all hours worked in excess of 40.

        3.      Plaintiff Carlos Munoz ("Class Representative" or "Carlos Munoz") brings this action on behalf of himself and all similarly situated current and former kitchen laborers of Defendants pursuant to the FLSA.

4. The Class Representative also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 6 years immediately preceding the filing of this action, worked for Defendants as a kitchen laborer.

## JURISDICTION & VENUE

5. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

7. Defendants do business in Suffolk County, within the Eastern District of New York, maintaining a place of business at 81 Shore Road, Shelter Island, New York 11964.

8. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Carlos Munoz*

9. Carlos Munoz is currently a resident of Rincon, Puerto Rico.

10. At all times relevant to this Complaint, Carlos Munoz was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

11. At all times relevant, Carlos Munoz was employed by Defendants as a kitchen laborer.

12. Carlos Munoz expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

*Defendant Pridwin Hotel Limited*

13. Upon information and belief, Defendant Pridwin Hotel Limited was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

14. Upon information and belief, Defendant Pridwin Hotel Limited's principal place of business was and still is at 81 Shore Road, Shelter Island, New York 11964.

15. Upon information and belief, Defendant Pridwin Hotel Limited maintains control, oversight, and direction over its operations and employment practices.

16. Upon information and belief, Defendant Pridwin Hotel Limited does business as Pridwin Hotel.

17. At all times hereinafter mentioned, Defendant Pridwin Hotel Limited was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

18. Defendant Pridwin Hotel Limited employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

19. Defendant Pridwin Hotel Limited's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

20. At all times hereinafter mentioned, the activities of the Defendant Pridwin Hotel Limited constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

*Defendant Richard A. Petry*

21. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry owns and/or operates Defendant Pridwin Hotel Limited.

22. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is the President of Defendant Pridwin Hotel Limited.

23. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is the Vice-President of Defendant Pridwin Hotel Limited.

24. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is a shareholder of Defendant Pridwin Hotel Limited.

25. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is a corporate officer of Defendant Pridwin Hotel Limited.

26. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is the Chief Executive Officer of Defendant Pridwin Hotel Limited.

27. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry is an agent of Defendant Pridwin Hotel Limited.

28. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry has authority over personnel decisions for Defendant Pridwin Hotel Limited.

29. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry has authority over payroll decisions for Defendant Pridwin Hotel Limited.

30. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry supervises employees of the Defendant Pridwin Hotel Limited.

31. Upon information and belief, and at all times hereinafter mentioned, Defendant Richard A. Petry has the authority to hire and fire employees for Defendant Pridwin Hotel Limited.

32. Defendant Richard A. Petry has the power to make binding decisions for Defendant Pridwin Hotel Limited.

33. Defendant Richard A. Petry has the power to transfer the assets or liabilities of Defendant Pridwin Hotel Limited.

34. Defendant Richard A. Petry has the power to declare bankruptcy on behalf of Defendant Pridwin Hotel Limited.

35. Defendant Richard A. Petry has the power to enter into contracts on behalf of Defendant Pridwin Hotel Limited.

36. At all times hereinafter mentioned, Defendant Richard A. Petry was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## **FLSA COLLECTIVE ACTION CLAIMS**

37. The Class Representative brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as a kitchen laborer within the last 3 years and who elect to opt-in to this action.

38. Upon information and belief, there are approximately more than 25 current and former kitchen laborers that are similarly situated to the Class Representative who were denied overtime compensation.

39. The Class Representative represents other kitchen laborers, and is acting on behalf of Defendants current and former kitchen laborers' interests as well as his own interests in bringing this action.

40. Defendants unlawfully required Plaintiff Carlos Munoz and all individuals employed as kitchen laborers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

41. Plaintiff Carlos Munoz seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All individuals who are currently or have been employed by Defendants as kitchen laborers (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

42. Defendants were aware or should have been aware that the law required it to pay Plaintiff and the FLSA Collective an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.

Upon information and belief, Defendants applied the same unlawful policies and practices to all of their kitchen laborers.

43. The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Carlos Munoz*

44. Carlos Munoz was employed by Defendants from in or about April 2000 until in or about July 2014 as a kitchen laborer.

45. Carlos Munoz was an employee of Defendants, working under their direct supervision.

46. Throughout Carlos Munoz's employment for Defendants, each workday from approximately April through May and from September through October of each work year, he was required to report to work from approximately 8:00 a.m. until approximately 4:30 p.m. every Monday through Friday and from 8:00 a.m. until approximately 10:00 p.m. every Saturday and Saturday.

47. Throughout Carlos Munoz's employment for Defendants, each workday from approximately June through August of each work year, he was required to report to work from approximately 6:00 a.m. until approximately 4:00 p.m. every Monday through Friday and from 6:00 a.m. until approximately 10:00 p.m. every Saturday and Saturday.

7

48.     At all times hereinafter mentioned, Carlos Munoz was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he worked 40 hours in a workweek.

49.     During most workweeks from Plaintiff was employed by Defendants, from April through May and September through October of each year, Carlos Munoz worked more than 65 hours per week.

50.     During most workweeks from Plaintiff was employed by Defendants, from June through August of each year, Carlos Munoz worked more than 75 hours per week.

51.     In the 3 years prior to the filling of this Complaint (the "FLSA Period"), during most workweeks from April through May and September through October of 2013 and 2014, Carlos Munoz worked a minimum of 65 hours per week.

52.     During each workweek in the FLSA period from June through August of 2013 and 2014, Carlos Munoz worked more than 75 hours per week.

53.     Defendants failed to compensate Carlos Munoz for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate, throughout the entire term of his employment with Defendants.

54.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records throughout most workweeks that Carlos Munoz was employed for Defendants.

55.     Defendants failed to furnish Carlos Munoz with a wage notice in 2012, 2013, and 2014.

56.     Defendants failed to furnish Carlos Munoz with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

## FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
**(Brought on behalf of Plaintiff and the FLSA Collective)**

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff and members of the FLSA Collective are employees entitled to be paid overtime compensation for all overtime hours worked.

59. Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

60. Plaintiff has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

61. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

62. Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
**(Brought on behalf of Plaintiff)**

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times his regular hourly rate, in violation of the requirements of NYLL.

66. By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 146-1.4.

67. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

68. Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff.

69. Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

70. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

71. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violation
### (Brought on behalf of Plaintiff)

72.  Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

73.  Defendants failed to supply Plaintiff a wage notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74.  Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75.  For the period from January 1, 2012, through February 26, 2015, as a result of Defendants' failure to provide a wage notice to Plaintiff, Plaintiff is entitled to damages of $50 for each workweek Defendants failed to provide Plaintiff with a wage notice or a total of $2,500,

11

reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 §198(1-b).

76. For the period from January 1, 2012, through February 26, 2015, due to Defendants' violations of NYLL § 195, for each workweek that Defendants failed to provide a proper wage statement to Plaintiff, Plaintiff is entitled to damages of $100 each, or a maximum total of $2,500, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Carlos Munoz, on behalf of himself and all others similarly situated, seeks for the following relief:

A. That, at the earliest possible time, Plaintiff Carlos Munoz be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as kitchen laborers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

12

    E.    Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

    F.    Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

    G.    Pre-judgment interest and post-judgment interest as provided by law;

    H.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

    I.    Attorneys' fees and costs of the action; and

    J.    Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       April 22, 2016

Respectfully submitted,

By: */s/ Marijana Matura*
     Marijana Matura

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
Garrett Kaske
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
*Attorneys for Plaintiff and the*
*Putative FLSA Collective Class*